Opinion delivered May 25, 1883.

AUSTIN TERM, 1884.

No. 3140.

FERMAN REYNA *v.* THE STATE.

UTTERING FORGED INSTRUMENT—VERDICT—SENTENCE—JUDGMENT—JURISDICTION AND PRACTICE OF THE COURT OF APPEALS.—This court has jurisdiction to reform both the sentence and the judgment of the trial court so as to conform them to the verdict of the jury and the indictment upon which the trial was had. In this case the indictment charged correctly an attempt to pass as true a false and forged instrument in writing, and the verdict found the defendant guilty as charged in the indictment. The sentence recites and the judgment of the court adjudges the defendant guilty of forgery. The said sentence and judgment are each reformed by this court so as conform to the indictment and verdict of the jury.

APPEAL from the District Court of Webb. Tried below before the Hon. J. C. Russell.

The opinion states the nature of the case, and otherwise discloses the only question of importance involved in the appeal. The penalty assessed by the verdict was a term of two years in the penitentiary.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attoney General, for the State.

WILLSON, JUDGE. By the indictment the defendant is charged with the offense of knowingly attempting to pass as true a false and forged instrument in writing, with intent to defraud, said indictment charging the offense defined in article 443 of the Penal Code. He was tried for this offense, and convicted, the verdict of the jury being: "We, the jury, find the defendant guilty, as charged in the indictment, and assess his punishment at confinement in the State penitentiary for the term of two years." Following this verdict is the judgment of the court, which reads as follows: "Wherefore it is considered by the court, that the defendant, Ferman Reyna, is adjudged to be guilty of the offense of *forgery as found by the jury*," etc. In the sentence, following the judgment, it is recited that the defendant had been "convicted of the offense of *forgery*." Such is the state of the record before us.

In case of conviction, the statute requires that the judgment shall show "that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the verdict of the jury." (Code Crim. Proc., art. 791.) If the judgment in this case had followed the language of the statute, above quoted, it would have been sufficient, because the verdict of the jury found the defendant guilty of the offense charged in the indictment. But it goes beyond the requirement of the statute and adjudges him guilty of an offense for which he had not been indicted, and of which he had not been convicted. The indictment and the verdict constituted the basis for the judgment, and it should have strictly followed them in all its material recitals.

But this error in the judgment will not reverse it. It is within the power of this court to reform and correct a judgment on appeal, as the law and the nature of the case may require. (Code Crim. Proc., art. 869.) This power likewise extends to the sentence, as has been held by this court in Hill v. The State, 10 Texas Court of Appeals, 673, and McDonald v. The State, 14 Texas Court of Appeals, 504. We think this a proper case in which to exercise this power, and we accordingly reform the judgment and sentence so as to conform the same to the indictment and verdict, that is, the defendant Ferman Reyna is ad-

judged to be guilty of the offense as found by the verdict of the jury, viz: of the offense of knowingly attempting to pass as true a false and forged instrument in writing, with intent to defraud, as charged in the indictment; and said defendant will be confined in the penitentiary for a term of two years, for said offense.

We have carefully examined the record in the case, and, with the exception of the errors we have mentioned, we find no other.

Judgment and sentence reformed and affirmed.

*Ordered accordingly.*